NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RUFUS HUDSON, | : | |
| Plaintiff, | : | Civil No. 12-4728 (JBS) |
| v. | : | |
| KINTOCK GROUP, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES:**

Mr. Rufus Hudson
818 North 5th Street
Camden, NJ 08102
  Plaintiff *pro se*

**SIMANDLE, Chief Judge:**

Plaintiff, Rufus Hudson, was confined at the Southern State Correctional Facility, Delmont, New Jersey at the time he filed this action. On May 24, 2013, this Court issued an Opinion and Order administratively terminating the case for failure to pay the filing fee or to properly apply to proceed *in formal pauperis* ("IFP")(ECF Nos. 5, 6). On June 3, 2013, Plaintiff provided an IFP application (ECF No. 8), and on October 31, 2013, provided this Court with his new address (ECF No. 10). Based on the fact that Plaintiff is no

longer a prisoner, and based on his application to proceed IFP, the Court will grant Plaintiff's application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to reopen this case and file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint should be dismissed.

## BACKGROUND

On July 1, 2011, while a resident of Kintock Group, a halfway house located in Bridgeon, New Jersey, Plaintiff was assaulted by two inmates, defendants Statum and Holland. As a result of the assault, Plaintiff suffered physical and mental injuries, including a dislocated hand, a ruptured ear drum and hearing loss, depression and anxiety. He also lost his community release status. (Complaint, Attachment at ECF No. 1-4, p. 1 of 4).

Plaintiff also states that on February 23, 2012, he injured his finger during an incident at defendant Hope Hall. (Complt., Attachment at ECF No. 1-4, p. 3 of 4). At Hope Hall, Plaintiff was transferred to the hospital for medical treatment, and upon his return, was placed in close custody for two days pending an

investigation. After the investigation, Plaintiff was sent to the state's classification facility and then transferred back to state prison. Plaintiff states that: "the reason was because he made a complaint of being assaulted at Kintock before he went to Hope Hall." (*Id.* at p. 4 of 4). Plaintiff notes that Hope Hall also accused him of being in an altercation with a Hope Hall inmate who had maxed out and was released. (*Id.* at p. 4 of 4).

Plaintiff asks for monetary and other relief, as well as appointment of counsel.

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court must identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

In determining the sufficiency of a *pro se* complaint, the Court

3

must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, *supra*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.

4

*See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### 3. **Plaintiff's Complaint Fails to State a Claim**

The alleged violations for which Plaintiff seeks relief are not clear from a reading of the complaint. This Court construes the complaint as asserting a due process violation due to Plaintiff's transfer back to state prison (and subsequent denial of his request to be reinstated to community release) against defendants Kintock and Hope Hall, and a claim against the inmates who assaulted him in Hope Hall.

#### a. Plaintiff's Transfer to Prison

With regard to Plaintiff's transfer back to prison from the halfway house, an inmate's removal from a work release program and return to prison does not amount to a deprivation of a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483–484 (1995) (explaining that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" (internal citations omitted)); *Asquith v. Department of Corrections*, 186 F.3d 407, 412 (3d Cir. 1999) (explaining that because "an inmate

is normally incarcerated in prison, Asquith's return to prison did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest"); *Asquith v. Volunteers of America*, 1 F. Supp.2d 405, 406 (D.N.J. 1998) (explaining that Asquith's due process rights were not violated when he was terminated from a New Jersey Department of Corrections community work release program despite a finding that he was not guilty of the disciplinary infraction that had led to his initial removal from the program); *N.J.A.C.* 10A:20-4.19(d) ("Major disciplinary violation charges shall result in the immediate transfer of the inmate to a correctional facility within the New Jersey Department of Corrections.").

Thus, Plaintiff's transfer from the halfway house to full custody, for whatever reason, cannot be a violation of his due process rights, and this claim must be dismissed.

  b.  Plaintiff's Claims Against Inmates

Plaintiff names defendants Statum and Holland, the inmates who assaulted him, as defendants in this § 1983 action.  The law is clear that a defendant in a § 1983 complaint must be a person acting under color of state law, *see West v. Atkins, supra,* 487 U.S. at 48. However, an inmate's attack on another inmate cannot be attributed to the state in order to qualify the attacker as a state actor. *See Davis v. Cumberland Cty Dep't of Corr.*, 2013 WL 5503665 (D.N.J. Oct.

7

2, 2013)(finding that inmates did not act under color of state law in attack of plaintiff)(citing *Ketchum v. County of Alameda*, 811 F.2d 1243 (9th Cir. 1987) (rape of woman by inmate did not constitute state action); *Miller v. Twomey*, 479 F.2d 701 (7th Cir. 1973) (since the assaulting inmate was not granted authority enabling him to harm plaintiff, the assault did not qualify as a state action; it was a common law tort, not a violation of § 1983); *Curry v. Lundy*, 314 F. Supp. 344 (E.D. Pa. 1970) (claims that two other inmates conspired to destroy the plaintiff's property must be dismissed for failure to meet the color of law requirement); *Simmons v. Maslysnky*, 45 F.R.D. 127 (E.D. Pa. 1968) (claims that plaintiff was stabbed by another prisoner after prison officials housed the attacker where he could injure plaintiff, was dismissed for failure to meet the color of law requirement)).[1]

In this case, defendant Statum and Holland are not state actors, and thus, were not acting under color of law at the time of the incident. As fellow inmates, they cannot be held liable under 42 U.S.C. § 1983 and will be dismissed from this action.[2]

---

[1] Whether a state official may be held liable under § 1983 for an attack by an inmate is examined in the next section of this Opinion.
[2] Although Plaintiff cannot sue his fellow inmates under § 1983, he may bring suit against them for assault and battery. Such a claim arises under New Jersey law and may be filed in a court of competent jurisdiction, presumably the Superior Court of New Jersey. The U.S. District court would have jurisdiction under 28 U.S.C. § 1332, if the inmate defendants are not citizens of New Jersey and if more than

c.  Additional Claims

This Court notes the following: Although Plaintiff lists his medical injuries due to the assault by the inmates, Plaintiff does not allege that defendants were deliberately indifferent to his medical needs. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (holding that to state a medical care claim under the Eighth Amendment, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious").

Nor does Plaintiff argue that Kintock Group failed to protect him from the inmates' assault. He does not assert one fact suggesting that Kintock knew of a risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)(holding that to state a claim for failure to protect from inmate violence, Plaintiff must allege facts showing that: (a) he was incarcerated under conditions posing a substantial risk of harm; (b) the official was deliberately indifferent to that substantial risk of harm; and (c) the official's deliberate indifference caused the harm); *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)(noting that "the prison official-defendant

---

$75,000 is in dispute. *See* 28 U.S.C. § 1332 (diversity jurisdiction statute). If Plaintiff and Defendants Statum and Holland are residents of different states, then Plaintiff may so specify in his Amended Complaint (see discussion below) if he chooses to pursue a claim for assault and battery in this District Court.

must actually have known or been aware of the excessive risk to inmate safety"). Such a claim under § 1983 must be brought against a person, normally the official having responsibility for an inmate's safety and who knew of a high risk of harm to plaintiff and was deliberately indifferent to taking steps to prevent the violence.

Because Plaintiff's claims are unclear, and because Plaintiff is a *pro se* litigant, this Court's dismissal of his claims is without prejudice to Plaintiff filing a motion to reopen and an amended complaint to address the above noted deficiencies.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff filing a motion to reopen and an amended complaint to address the deficiencies, as set forth in this Opinion. Plaintiff's Application for Pro Bono Counsel (ECF No. 1-10) is dismissed as moot.

An appropriate Order follows.

                              **s/ Jerome B. Simandle**
                              JEROME B. SIMANDLE, Chief Judge
                              United States District Court

Dated: **December 2, 2013**